[No. 15811. Department Two. August 24, 1920.]

## L. H. WOOLFOLK, *Appellant,* v. MULLINS SAW MILL COMPANY *et al., Respondents.*[1]

APPEAL (418)—REVIEW—FINDINGS. The findings of the trial court upon conflicting evidence will not be disturbed on appeal, where the court had the witnesses before it and was in better position to weigh their testimony, and it appears that the weight of the evidence is with the respondent.

Appeal from a judgment of the superior court for King county, Ronald, J., entered December 31, 1919, upon findings in favor of the defendants, dismissing an action to compel the issuance to plaintiff of certain shares of corporate stock, tried to the court. Affirmed.

*Vince H. Faben,* for appellant.

*Raymond G. Wright* and *Walter S. Fulton,* for respondents.

BRIDGES, J.—The plaintiff brought this action to compel the issuance to him of two hundred shares of the capital stock of the defendant Mullins Saw Mill Company, a corporation; one hundred and ninety-eight of which shares at the time of suit were in the name of W. J. Mullins, the president of the corporation, and one share held each by D. Morgan and M. Mullins.

[1]Reported in 191 Pac. 854.

The trial court found for the defendants and entered judgment dismissing the action, from which the plaintiff has appealed.

The following facts are substantially undenied: In 1916, the Seattle Saw Mill Company became insolvent and was thrown into the hands of a receiver. The respondent W. J. Mullins was financially interested in, and was a stockholder of, that company. Prior to its insolvency it had become, and thereafter remained, indebted to the Scandinavian-American Bank of Seattle, as well as to various other persons. The assets of the Seattle Saw Mill Company were finally sold by the receiver to one Prescott for $8,000. It appears that Prescott probably purchased at the receiver's sale for the benefit of W. J. Mullins. At any rate, Mullins purchased the property from Prescott at the price the latter had paid. The Mullins Saw Mill Company was then organized with a capital stock of $30,000, divided into three hundred shares, each share of the par value of $100. Thereafter Mullins transferred the property so obtained by him to the Mullins Saw Mill Company in full payment of all of the capital stock of that company. There was at once issued to him two hundred and ninety-nine shares, and to the appellant one share. Mullins obtained from the Scandinavian-American Bank the $8,000 which he paid for the Seattle Saw Mill Company's property. During all of this time, and for some time before and after, the appellant was the assistant cashier of the above mentioned bank and had charge of the indebtedness due it from the Seattle Saw Mill Company, and also took a more or less active part in all of the transactions heretofore mentioned.

On June 6, 1916, the stock of the Mullins Saw Mill Company, as originally issued, was redistributed and issued as follows: One hundred shares to W. J. Mul-

lins; one hundred shares to the appellant; ninety-nine shares to the appellant as trustee, and one share to E. E. Ballinger. The capital stock of the company remained in this condition until August, 1918, when the appellant transferred the one hundred and ninety-nine shares held by him in person and as trustee to the respondent Mullins, to whom such shares were thereafter reissued.

The appellant contended that he personally advanced or borrowed from the Scandinavian-American Bank the $8,000 with which Mullins purchased the assets of the Seattle Saw Mill Company; that it was agreed that he should own two-thirds of the capital stock of the Mullins Saw Mill Company, which he helped to organize and of which he was a trustee and officer; that he finally surrendered all of his stock to Mullins as an accommodation to the latter, with the understanding that it was to be returned to him, and that at all times he was personally the owner of said two hundred shares.

The respondent denied that the appellant ever personally owned any of the capital stock of the last named company, or ever had any financial interest therein, or ever advanced any money to it or to Mullins for its use and benefit, and that whatever he did in connection with the affairs of the Mullins Saw Mill Company was as assistant cashier and for the benefit of the Scandinavian-American Bank. Upon these disputed facts, the testimony of the two principal parties was in all things, material and immaterial, absolutely contradictory. The findings of fact of the trial court were to the effect that the appellant had held certain of the stock of the Mullins Company for the use and benefit of the Scandinavian-American Bank, of which he was the assistant cashier, and that he acted for that

bank solely in all transactions with reference to the Mullins Company, and at no time was the owner of any of its capital stock.

The only questions involved in this case are questions of fact. The witnesses were personally before the trial court who was in better position to weigh the contradictory testimony than we are. We have very carefully read the abstract of the testimony and also important parts of the statement of facts, and conclude that there was ample testimony to support the findings of the trial court. In fact, it seems to us, that the weight of the testimony is with respondent. It would serve no good purpose to here recite it in detail, and we are satisfied to affirm the judgment. It is so ordered.

HOLCOMB, C. J., TOLMAN, MOUNT, and FULLERTON, JJ., concur.